**IN THE COURT OF APPEALS OF IOWA**

No. 17-1845
Filed February 7, 2018

**IN THE INTEREST OF S.H.,**
**Minor Child,**

**C.H., Mother,**
 Appellant.

_____

 Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.

 A mother appeals from the order terminating her parental rights. **AFFIRMED.**

 Kristin L. Denniger, Cedar Rapids, for appellant mother.

 Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

 Julie G. Trachta of Linn County Advocate, Inc., Cedar Rapids, guardian ad litem for minor child.

 Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**DANILSON, Chief Judge.**

A mother appeals from the order terminating her parental rights to S.H., pursuant to Iowa Code section 232.116(1)(h) (2017).[1]   Finding no reason to disagree with the juvenile court, we affirm.

The child was born in February 2014.  In May 2016, the mother came to the attention of the department of human services (DHS) after DHS received a report the mother was using methamphetamine with the child present.  The mother informed DHS she had "sign[ed] over custody" of the child to her father and stepmother.  After the child-abuse assessment was founded, the child was adjudicated a CINA on June 27, 2016, and a July 28, 2016 dispositional order placed the child in the custody of DHS.  The child was later placed in another relative's home and has remained out of the mother's custody.

The mother entered a residential treatment facility on February 2, 2017,[2] and provided her *first* clean drug test to DHS the next day[3]—more than six months after the child was removed from the mother's custody.  A petition to terminate the mother's parental rights was filed on February 9, 2017.

On April 21, the juvenile court did not proceed with a scheduled permanency/termination hearing and allowed the mother additional time to resume care of her child at the recommendation of DHS.  At a family team meeting held that same date, a plan was developed pursuant to which the

[1] Pursuant to section 232.116(1)(h), a juvenile court may terminate parental rights where a three-year-old child adjudicated a child in need of assistance (CINA) has been removed from a parent's custody for the last six consecutive months and cannot be returned to the parent's custody at present.
[2] This was her fourth substance-abuse treatment facility and program since these proceedings began.
[3] Previously, either the mother had not appeared for scheduled testing, which is deemed to be a positive test, or had tested positive for marijuana, methamphetamine, or cocaine.

mother would continue to comply with substance-abuse and mental-health treatment and visits were to be extended to overnights with the expectation that a trial home placement would begin on May 15. Because the mother had a history of allowing other people to be present during visits who "may or may not be appropriate,"[4] there was "a specific expectation from the family team meeting that no unapproved people be present [at visits] and that that would impact [DHS's] ability to move forward with [the] plan."

Unfortunately, within the first two weekends of overnight visits with her child, the mother "was allowing unapproved people to be present during visits. She also took [the child] to the home of people who had not been approved by the [DHS] to be present." Moreover, the child began demonstrating sexualized behavior while at daycare.[5] Additionally, the mother attended the funeral of her grandmother out of town from May 16–19. The drug patch placed on the mother on May 9 and returned on May 22 tested positive for methamphetamine. The mother asserted the patch was falling off so she removed it and placed it in a small plastic bag on May 17. She denied using methamphetamine and suggested the patch may have tested positive because she had helped her boyfriend and his father move items from storage sheds, the contents of which had been purchased at an auction. She provided samples for urinalysis on May 19 and May 22, both of which were negative for illegal substances.

---

[4] The mother had a history of engaging in prostitution with the child present and allowing others who had a criminal history or a history of substance abuse to be around the child. One of her paramours was on the child-abuse registry and sex-offender registry.
[5] The social worker testified the child was reported to be displaying unusual behavior such as "putting toys in her pants, rubbing her genitals, having more frequent accidents and showing fear to the daycare provider's husband."

A trial on the petition to terminate parental rights was held on June 2. The guardian ad litem recommended termination of parental rights. So, too, did the social worker and the Family Safety, Risk, and Permanency (FSRP) worker who worked with the mother.[6] As summarized by the FSRP worker, the mother "just has not demonstrated that she can put [S.H.] first as priority and maintain positive life choices." Service providers observed the mother had been given additional time to seek reunification but the mother's expected progress had not been realized.

The mother's stepmother also recommended termination of the mother's rights, noting the mother's behavior during the recent funeral:

> Q. And does she have a history of drug addiction and drug use? A. Yes.
> Q. Do you believe she has kicked the addiction? A. No.
> Q. What are your current concerns and why do you think [S.H.] might be in harm's way? A. Because when [the mother] came to our house this last week for her grandmother's funeral and wake, [the mother] left the wake to go visits friends or some so-called cousins. And then she called me and told me that I would have to testify on her behalf to the fact that she wasn't using. I said, I can't testify to that because I don't know. She slept the whole time she was at my house.

On October 31, 2017, the juvenile court filed an order terminating the mother's parental rights. The court found the mother's denial of recent use "is not credible." The court also found that if the child was returned to the mother at present, the child "would continue to be at risk of harm due to exposure to illegal substances, exposure to unsafe people and environments, lack of adequate

---

[6] In April, the FSRP worker had strongly advocated against terminating the mother's rights because of the progress the mother was demonstrating.

parental supervision, and a likelihood that she would not have safe, stable housing."

The mother appeals. While she concedes the child is three years of age, has been adjudicated a CINA, and has been out of the mother's custody since July 2016, *see* Iowa Code § 232.116(1)(h)(1)-(3), she challenges the trial court's finding that the child cannot be returned to her at present, *see id.* § 232.116(1)(h)(4). The mother notes that despite her long history of substance-abuse and mental-health issues, she is currently in a residential treatment facility where her child can join her. She argues she has been sober since February 2017 and disputes the reliability of the drug patch that tested positive for methamphetamine in May.

This court reviews termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the trial court's findings, especially those pertaining to the credibility of witnesses, but are not bound by them. Iowa R. App. P. 6.904(3)(g).

On our de novo review of the record, we find clear and convincing evidence supporting termination under section 232.116(1)(h). The child cannot be returned to the mother's custody at the present without risk of harm. This court understands there may be no greater challenge than to parent a child, and we acknowledge there is no perfect parent. Yet, the mother has failed to show any sustained progress, S.H. has waited longer than the statutory six-month time frame for her mother to become a stable parent, and S.H. deserves and needs stability now. *See In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010) ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a

ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child.").

We acknowledge there is a bond between mother and child. However, giving "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child," we uphold the order terminating the mother's parental rights. *See* Iowa Code § 232.116(2), (3). We affirm.

**AFFIRMED.**